UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

SARAH JOANN LINDSEY,                        Case No.:

    Plaintiff,

  -against-                                **COMPLAINT**
                                                     (Jury Trial Demanded)

ROCKLAND MOTORSPORT LLC,

    Defendant
-----------------------------------------x

As and for her complaint, in the above-captioned action, plaintiff Sarah Joann Lindsey, by and through her attorneys, Kasell Law Firm, alleges as follows:

## INTRODUCTION

1. This is an action brought by Sarah Joann Lindsey (Plaintiff"), to recover actual, statutory, and punitive damages, reasonable attorneys' fees and costs from Defendant Rockland Motorsport LLC for failing to provide required disclosures and giving false disclosures about the history and mileage of a motor vehicle. These acts violated subchapter IV of the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 *et. seq.* (hereinafter "MVICSA") and New York's Vehicle and Traffic Law § 417-a.

## PARTIES

2. At all relevant times mentioned herein, Plaintiff was and is an individual who resides at 3244 Lodwick Dr. NW Warren, OH 44485.

3. Upon information and belief, at all times herein mentioned, Defendant Rockland Motorsport LLC. ("Rockland Motorsport" or "Defendant") was and is a New

York corporation with a place of business in the County of Rockland at 138 Orange Ave. Suffern, New York 10901.

4. Defendant is engaged in the business of selling used motor vehicles.

## JURISDICTION AND VENUE

5. Jurisdiction is premised on 49 U.S.C. § 32710 (b) and 28 U.S.C. §§ 1331 and 1337.

6. Plaintiff instituted this action or actual damages, statutory damages, punitive damages, attorneys' fees and costs against Defendant for violations of the MVICSA, 49 U.S.C. § 32701 *et. seq.*, and for related and unrelated violations of New York's Vehicle and Traffic Law § 417-a, New York General Business Law § 349, for fraud and for fraudulent misrepresentation.

7. Venue in this District is proper in that the conduct complained of occurred here.

## BACKGROUND

8. Plaintiff's son and his then fiancé, who was 38 weeks pregnant at the time, were searching for a safe and reliable vehicle to purchase before the birth of their daughter.

9. Plaintiff's son had identified a vehicle to purchase but when he and his fiancé got there, the vehicle was no longer available.

10. Plaintiff found a listing for the 2015 Toyota RAV4 XLE advertised by Defendant with under 92,000 miles, on multiple websites at prices from $14,500 to $15,500.

11. The vehicle in question is a 2015 Toyota RAV4, Vehicle Identification Number 2T3RFREV6FW404861 (the "Vehicle").

12. Defendant, Rockland Motorsport LLC, is a seller of used automobiles.

13. On or about August 17, 2024, Plaintiff purchased the Vehicle from Defendant for $11,214.

14. In the bill of sale, Defendant represented that the Vehicle had 91,839 miles at the time of purchase.

15. In contravention of applicable law, at the time of purchase, Defendant did not provide an odometer disclosure statement or MV-50 to Plaintiff.

16. Upon information and belief, Defendant purchased the Vehicle when it knew or should have known that the Vehicle had at least 183,480 miles on it and had primarily been used as a taxi cab.

17. Upon information and belief, Defendant knowingly misrepresented the Vehicle's mileage to Plaintiff as only 91,839 and failed to provide required information about the vehicle's prior use as a taxi cab.

18. Vehicles that have been used as taxi cabs generally sell for one-third of the value of vehicles with the same mileage of the same make and model that do not have taxi cab histories.

19. New York's Vehicle and Traffic Law § 417-a requires that "[u]pon the sale or transfer of title by a dealer of any second-hand passenger motor vehicle, the dealer shall execute and deliver to the buyer an instrument in writing in a form prescribed by the commissioner which shall set forth the nature of the principal prior use of such vehicle when the dealer knows or has reason to know that such use was as a … taxi cab…"

20. The Regulations of the New York State Commissioner of Motor Vehicles, Part 78.13(g)(1) states in relevant part:

"The statement shall read as follows: Prior Use Certification (required by Vehicle and Traffic Law 417-a if the principal prior use of the vehicle were as a police vehicle, taxicab, rental vehicle or driver education vehicle).

The principal prior use of this vehicle was as: a police vehicle _____, a taxicab _____, a rental vehicle____ or a driver education vehicle _____."

This statement shall be conspicuously printed, typed or stamped on a dealer's contract of sale, and the appropriate line checked, and given to the purchaser before the purchaser signs it."

21. Vehicle and Traffic Law § 417-a, provides for treble damages for its violation, and like other similar consumer protection statutes provides for the award of reasonable attorneys' fees to a prevailing plaintiff.

## COUNT I
## VIOLATIONS OF THE MVICSA

22. Plaintiff repeats the allegations set forth in paragraphs 1 - 21 as if fully set forth at length herein.

23. Rockland Motorsport violated the MVICSA by making false statements to a transferee in violation of 49 U.S.C. § 32705(a);

24. Defendant violated MVICSA with intent to defraud.

25. Defendant is a transferor within the terms of the MVICSA.

26. As a result of the above violations of the MVICSA, Defendant is liable to the Plaintiff in the sum of three times its actual damages or the minimum statutory damages, whichever is greater, and attorneys fees and costs.

## COUNT II

## VIOLATION OF NEW YORK VEHICLE AND TRAFFIC LAW § 417-a

27. Plaintiff repeats the allegations set forth in paragraphs 1-26 as if fully set forth at length herein.

28. New York Vehicle & Traffic Law § 417-a required that the vehicle's taxi history be disclosed to a purchaser by the execution and delivery of an instrument in writing in a form prescribed by the Commissioner of Motor Vehicles setting forth the following information: "The principal prior use of this vehicle was as: a police vehicle _____, a taxicab _____, a rental vehicle____ or a driver education vehicle _____."

29. This statement was required to be conspicuously printed, typed or stamped on Defendant's contract of sale, and the appropriate line checked, and given to the purchaser before the Plaintiff signed it.

30. Defendant failed to execute and deliver the form making the required disclosures to Plaintiff.

31. Upon a violation of New York Vehicle & Traffic Law § 417-a a consumer may be awarded three times her actual damages or $1000, whichever is greater.

32. A plaintiff prevailing under New York Vehicle & Traffic Law § 417-a may be awarded her reasonable attorneys' fees.

33. As a result of Defendant's conduct Plaintiff suffered damages in an amount to be proven at trial.

### COUNT III
### VIOLATION OF GENERAL BUSINESS LAW § 349

34. Plaintiff repeats the allegations set forth in paragraphs 1 - 33 as if fully set forth at length herein.

35. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of

any service in New York.

36. The conduct alleged herein, and the sale of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

37. Defendant engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting the Vehicle's mileage and prior use at the time of sale to Plaintiff.

38. Upon information and belief Defendant misrepresented the Vehicle's mileage and Taxi history to command a higher price for the Vehicle than it otherwise would have been able to obtain.

39. Rockland Motorsport LLC engaged in deceptive acts and practices that damaged Plaintiff by failing or refusing to accurately disclose the Vehicle's mileage and prior use of history.

40. Defendant engaged in deceptive acts and practices that damaged Plaintiff by altering the odometer for the Vehicle.

41. Defendant engaged in deceptive acts and practices that damaged Plaintiff by failing to disclose the Vehicle's prior use history as a taxi cab.

42. Defendant's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

43. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Defendant and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

## COUNT IV
## FRAUD

44. Plaintiff repeats the allegations set forth in paragraphs 1 – 43 as if fully set forth at length herein.

45. Defendant made material omissions and misrepresentations of fact regarding the Vehicle.

46. Defendant knew these omissions and misrepresentations of fact were false.

47. Defendant made these omissions and misrepresentations for the purpose of inducing Plaintiff to rely upon them.

48. Plaintiff did, in fact, justifiably rely on the misrepresentations and material omissions by Defendant.

49. Plaintiff has been damaged as a result of Defendant's omissions and misrepresentations.

## COUNT V
## FRAUDULENT MISREPRESENTATION

50. Plaintiff repeats the allegations set forth in paragraphs 1 - 49 as if fully set forth at length herein.

51. Defendant made false representations of fact regarding the mileage of the Vehicle.

52. The representations were made with full knowledge of their falsity or with reckless disregard of the truth.

53. Defendant intended Plaintiff to rely on the representations of the Vehicle's mileage and prior use history.

54. Plaintiff justifiably relied on the representations of the Vehicle's mileage and prior use history. The representations played a material and substantial part in leading Plaintiff to purchase the Vehicle. As a proximate result of the false representations, Plaintiff has incurred losses, including the diminished value of the Vehicle, insurance and property taxes.

55. The false representations were made willfully, recklessly, maliciously and with intent to injure and defraud Plaintiff. Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff is entitled to:

    a. The amount of the greater of triple the damages proved at trial or the minimum statutory damages plus attorneys fees under the MVICSA, 49 U.S.C. § 32710;

    b. Actual damages plus attorneys fees under General Business Law § 349;

    c. Actual damages plus attorneys fees under Vehicle & Traffic Law § 417-a;

    d. General damages and punitive damages for Defendant's fraud;

    e. General damages and punitive damages for Defendant's fraudulent misrepresentations; and

    f. All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiff, and such other and further relief that the Court deems just and appropriate.

Dated: Long Island City, New York
       January 26, 2026

                                      KASELL LAW FIRM

                                      /s/
                                      David M. Kasell (DK-7753)

1038 Jackson Ave., #4
Long Island, City, NY 11101
(718) 404-6668